### CARPENTER *v.* SHOOK *et al.*

(*Supreme Court, General Term, First Department.* December 31, 1891.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

The finding of a referee upon conflicting evidence, presenting a fair question as to whether certain alleged payments were in fact made, will not be interfered with on appeal.

2. Costs—Basis for Extra Allowance.

    In an action to recover a royalty of $15 on each performance of a play, the complaint alleged that as many as 300 performances had been given, but as to how many more plaintiff was unable to state. *Held*, that the sum of $4,500, with interest, was a proper basis for the computation of an allowance to defendant additional to costs.

Appeal from judgment entered on report of referee.

Action by Francis B. Carpenter against Sheridan Shook and another to recover a royalty on each performance of a play outside of the city of New York. The complaint alleged that more than 300 such performances had been given, but that plaintiff was not able to state the precise number. From a judgment for defendants, and from an order granting an extra allowance for costs, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and DANIELS, JJ.

*Walker & Keane*, (*John T. Walker*, of counsel,) for appellant. *Dittenhoefer & Gerber*, for respondents.

VAN BRUNT, P. J. In October, 1875, the defendants executed a contract in writing with one Mackay, by which he assigned to them an adaptation from the French made by him of a play known as "Ross Michel," and agreed that he would with all reasonable diligence take the necessary and proper steps to procure a copyright thereof, and would, upon demand, assign the same to the defendants. Mackay covenanted, among other things, that he had not printed or published, or permitted to be printed or published, said adaptation; and the defendants promised, among other things, to pay to said Mackay $15 for every representation of the adaptation or play that might be given by them, or under their authority, outside of the city of New York. The complaint in this action alleged the making of the above contract, and, further, that 300 representations of said play had been given by the defendants for which no payments had been made, and an account was prayed for. The defendants by their answer admitted the contract, but denied that there was anything due thereon, and set up a counter-claim. The issues were referred to a referee, who reported in favor of the defendants, and from the judgment thereupon entered this appeal is taken.

In the disposition of this appeal it should not be considered that the court, by making no reference thereto, was of opinion that an action for an accounting would lie because of the contractual relations which existed between the plaintiff's assignor and the defendants. Neither is it necessary for us to determine the question as to whether the plaintiff's assignor had complied with the condition of his contract which required him with all reasonable diligence to take the necessary steps to procure a copyright of said play. It appeared from the evidence in the case that 82 representations under the authority of the defendants of this play were given outside the city of New York, and for which the plaintiff's assignor was entitled to a royalty. The learned referee before whom this case was tried found that the defendants had paid to the plaintiff's assignor the royalty for these representations. The nature of the evidence was that this play was given under the direction of a Mr. Collier, who testified that while he remained with the company the royalties were paid by him to the defendants; and the testimony of Palmer, one of the defendants, was that so long as Collier remained with the company he remitted the royalties to him, and the witness paid them over to the plaintiff's assignor, and the only performances for which the defendants were liable were those which were given under Collier's management. The plaintiff's assignor, in reply to this evidence, stated that he received some payments from the defendants for the performance of the play outside of New York, but he could not remember the number, and the exact amount he could not now recall; but he could tell if he were to go and examine an account, which might or might not be within his reach, but was not prepared to do so at the time of

his examination. It is true that he stated, also, that if he received anything it was but a trifling sum, and that he made repeated demands upon Palmer for payments on account of the representations while the play was being represented out of the city, and that he was invariably put off by the statement that royalties had not been received, and that as soon as they were they would be paid. But it is evident that these demands related to the performances of the play which were given without the authority or consent of the defendants, and for the royalties on which they were not responsible. He further says that they never paid a cent for which he did not give a receipt. The failure to produce any books and papers upon the part of the defendants was explained by Palmer, in that he had not seen the books since his dissolution with the defendant Shook, which had been taken place years before the trial of the case, and that he knew nothing in regard to their existence. This presented a fair question for the referee to determine, and, he having found in favor of the defendants upon this issue of payment, we see no reason to interfere with his conclusion. Indeed, upon the whole case, we are inclined to the opinion that the royalties for the performances in question were paid; and that the only controversy was as to representations which were given, but not under the authority of the defendants, and for which they were, therefore, not liable.

The only remaining question is in regard to the right of the court to direct an allowance. It is claimed that there is no basis in the case on which to compute it. It is stated that it was made on the idea that this was a suit for the recovery of $4,500, that is, for 300 performances at $15, which, with interest, would amount to $8,900, and that obviously the nature of the action had been misapprehended. It would be difficult to see how the nature of the action could be misapprehended, since that was the only action which could be maintained. This formed the basis for the calculation of the amount of an allowance, and we see no reason for interfering with the order.

The judgment should be affirmed, with costs. All concur.